| IV WASTE, LLC | * | NO. 2023-CA-0610 |
|---|---|---|
| VERSUS | * | COURT OF APPEAL |
| JIM HOTARD PROPERTIES, LLC | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * | |
| | * | |

\* \* \* \* \* \* \*

SCJ

JENKINS, J. DISSENTS

I respectfully dissent.

I find the trial court committed legal error in finding "[t]hat the plaintiff has met its burden of proof with regard to [the St. Andrew Street and Rye Street] properties [.]" and finding "that defendant Jim Hotard Properties, LLC is liable for breach of contract." "[I]f the trial court makes a legal error that interdicts the fact-finding process, the appellate court must conduct a *de novo* review of the record." *Dejoie v. Guidry*, 2010-1542, p. 10 (La. App. 4 Cir. 7/13/11), 71 So.3d 1111, 1120 (quoting *Evans v. Lungrin*, 97-0541, p. 6 (La. 2/6/98), 708 So.2d 731, 735). A legal error occurs when a trial court prejudicially applies incorrect principles of law such that it materially affects the outcome of the case and deprives a party of substantial rights. *Id.* (quoting *Evans*, 97-0541, p.6, 708 So.2d at 735); *See also 1100 S. Jefferson Davis Parkway, LLC v. Williams*, 2014-1326 (La. App. 4 Cir. 5/20/15), 165 So.3d 1211.

A breach of contract claim requires proof of three elements: (1) the undertaking of an obligation to perform; (2) the failure to perform the obligation; and (3) resulting damages from the failure to perform. *New Orleans Private Patrol Service, Inc. v. Corporate Connection, Inc.*, 2017-0746 (La. App. 4 Cir. 3/21/18) 239 So.3d 480.

1

Jim Hotard Properties argues, and I agree, that IV Waste, LLC failed to produce evidence of its failure to perform the obligations under the terms of the contracts. The testimony of IV Waste, LLC's general manager, Ms. Tufaro, was insufficient to prove when and how the defendant breach the terms of the contracts.

Ms. Tufaro testified that she signed the contracts with Jim Hotard Properties as the representative of IV Waste. The contracts, standard service agreements for five-year contracts, were executed on October 1, 2018 with a service commencement date of October 2, 2018 and termination or renewal on October 1, 2023. Ms. Tufaro further testified that she authored the letters to Jim Hotard's attorney, in November 2019, notifying it that the "attempt to cancel" the contract early would result in liquidated damages covering the monthly cost of services for the remaining four years left on the contract.

The November 2019 letters introduced into evidence state, in part, "I am disappointed to learn that your client wishes to continue his efforts to cancel our services at the above mentioned locations" and "[s]hould you persist in your efforts to cancel with us and use another hauler, liquidated damages …plus all outstanding balances on the account and a container removal fee will be assessed to your next invoice in accordance with the Terms and Conditions of the Agreement." Other than the identification of the contracts and the letters stating what liquidated damages were owed based on the defendant's early cancelation of the contract, Ms. Tufaro did not testify, on direct, as to how Jim Hotard Properties breached the terms of the contracts.

On cross-examination, counsel for Jim Hotard Properties asked Ms. Tufaro how Jim Hotard Properties did not honor the contracts. In response, Ms. Tufaro testified that "we went to service the containers on a normal service day and the containers weren't there for the drivers to pick up and they reported to the office that they were not in their original location." She then testified that she did not

2

personally witness this; "But the driver takes a photograph, which I have at the office with the stamped time—the time and the date that the containers weren't. They went multiple times." Ms. Tufaro then stated that, at some later date after the drivers informed her of the missing equipment, she went to the locations and took photographs; however, Ms. Tufaro did not bring the photographs or the office records showing the dates and times of when defendant's containers were not in the agreed upon location where they were supposed to be for trash pickup. Defense counsel asked Ms. Tufaro if IV Waste was the one who picked up the cans, and she first testified "no" but then stated she did not believe that IV Waste picked up the cans at any of the locations.

Defendant, Jim Hotard, owner of Jim Hotard Properties, testified that he signed the contracts at issue. He testified that he never moved the dumpsters/equipment at the two locations at issue in this suit. However, he did have a meeting with Sidney Torres V, during which Sidney Torres V informed him that the equipment had been damaged and needed new wheels, but Mr. Hotard did not want to pay for that. Mr. Hotard testified that he did not seek to cancel the contracts at issue, but all of the dumpsters were picked up at those locations. Mr. Hotard further testified that he had remained current on all monthly payments on the contracts, he never tried to cancel the contracts at issue, and he did not move the equipment at issue.

While Ms. Tufaro provided conclusory statements during her testimony that Jim Hotard Properties breached the contracts in question, no evidence was presented to support these conclusory statements. IV Waste, LLC failed to produce the photographs and office records about which Ms. Tufaro testified and upon which it relied in support of its argument that Jim Hotard Properties breached the contracts at issue.

Upon review of the testimony and the evidence presented, I find that IV Waste, LLC failed to carry their burden of proof to show how Jim Hotard Properties failed to perform the obligation under the contracts. IV Waste, LLC did not introduce any evidence other than Ms. Tufaro's conclusory statements that Jim Hotard Properties moved the equipment, prevented IV Waste, LLC from accessing the equipment, or failed in some way to perform obligations under the contracts at issue.